IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BYRON DION WHEELER | § | |
| v. | § | CIVIL ACTION NO. 6:05cv294 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Byron Wheeler, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Wheeler complains of a conviction for being a felon in possession of a firearm which he received on May 18, 2004, to which offense he pleaded guilty for a five-year concurrent sentence. In his petition, he alleged that his plea of guilty and confession were coerced, he was denied effective assistance of counsel, and his sentence was illegal because he was never indicted on the firearms charge.

The Magistrate Judge ordered the Respondent to answer Wheeler's petition, and Wheeler filed a response to the answer. On April 28, 2006, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge concluded that: Wheeler signed numerous documents in open court verifying his understanding of and agreement to the proceeding, which documents carry "a strong presumption of verity" that Wheeler failed to overcome; Wheeler did not receive ineffective assistance of counsel and failed to show that but for the allegedly ineffective actions of his attorney, the result of the proceeding would probably have been different;

1

and his sentence was not illegal because he waived indictment and agreed to proceed on an information, and because the Fifth Amendment's requirement of indictment for infamous crimes is not applicable to the States.

Wheeler filed objections to the Magistrate Judge's Report on June 2, 2006. In his objections, he says first that the affidavit from his attorney, Richard Kennedy, supports his contention that his guilty plea was coerced because it shows that he was threatened with a ten-year sentence if he did not plead guilty.

Next, Wheeler says, for the first time in his objections, that the gun charge was really a misdemeanor, not a felony, because the State could not prove an essential element of the charge, a prior felony conviction, at the time of the proceeding. He says that he clearly did not understand the proceedings against him, because the State did not have proof of this element. Similarly, Wheeler says that although he was advised that the range of punishment was up to 10 years stacked, he was never told that the weapons charge was a class A misdemeanor if the prior felony could not be proved.

Wheeler goes on to say that the right to an indictment is a federal constitutional right, and so the denial of indictment was a constitutional violation. He says that the State brought "numerous waivers and stipulations" for him to sign, but that he was still asserting his right to an indictment on the date of trial. Wheeler does not dispute that he signed a waiver of indictment and agreement to proceed on an information.

Third, Wheeler says that he has repeatedly tried to obtain the transcript of the proceeding, and that if no transcript exists, this violates his right to due process because the recording of the proceeding was never waived. This due process argument also appears for the first time in Wheeler's objections.

Fourth, Wheeler says that it was Kennedy who insisted on prosecuting him for the gun charge despite the fact that the court computer did not show such a charge to be pending and the State did not have proof of a prior felony conviction. He adds that Kennedy insisted that the State get two

weeks, rather than one, in which to obtain the indictment. He says that he repeatedly complained about the lack of an indictment, and reiterates that the charge should have been reduced to a misdemeanor because the State was not prepared to prove his prior felony offense.

With regard to the illegal sentence, Wheeler says that the information on which he was charged is false because it says that he had a prior felony conviction, but the State could not prove such conviction at trial. Wheeler does not dispute that he did in fact have a prior felony conviction, but says that his probation was revoked on April 16, 1999, which is not the date of conviction nor the date of commission of this prior felony. Thus, he says, the information is false. This argument also is presented for the first time in Wheeler's objections.

The Fifth Circuit has specifically held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Wheeler's contentions that the gun charge was a misdemeanor rather than a felony because the State could not prove the prior commission of a felony, that he was denied due process because no transcript exists, and that the information is false were all presented for the first time in his objections and thus are not properly before the Court.

Even beyond this, however, it is clear that Wheeler's objections are without merit. Assuming that Wheeler was "threatened" with a ten-year stacked sentence, this does not show that his guilty plea was coerced; the Fifth Circuit has held that the threat of a lengthier sentence is not proof that the plea of guilty was coerced. Jones v. Estelle, 584 F.2d 687, 690 (5th Cir. 1978), *citing* North Carolina v. Alford, 400 U.S. 25 (1970).

Next, Wheeler argues that the gun charge was really a misdemeanor because the State could not prove the prior commission of a felony, so as to make him a felon in possession of a firearm. However, Wheeler signed a stipulation of evidence stating that he possessed a firearm after having been convicted of a felony. As stated by the Magistrate Judge, this solemn declaration is entitled to

a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Even were this claim properly before the Court, which it is not, it is plain that the claim is lacking in merit.

In a similar vein, Wheeler says that the information is "false" because it sets out the date of April 16, 1999, for his prior conviction, which he says is not correct. This claim also is not properly before the District Court, and in addition was waived by Wheeler's stipulation. Furthermore, the on-line records of Gregg County show that in 1991, Wheeler received deferred adjudication for the felony offense of burglary of a habitation. On April 16, 1999, this deferred adjudication was revoked. *See* http://www.co.gregg.tx.us/Scripts/Uvlink.isa/gregg_jud/WEBSERV/CriminalSearch?action%253 Dview%26track%253D191875. Under Texas law, this means that the state court proceeded to an adjudication of guilt. Tex. Code Crim. Pro. art. 42.12, sec. 5(b). Wheeler has failed to show any error in the State's use of the date of the adjudication of guilt in his prior felony case as the date of his conviction. His claim on this point is without merit.

Wheeler's contention that he has a federal constitutional right to an indictment in state court is incorrect because the Fifth Amendment's guarantee of the right to indictment is not applicable to the states. Hurtado v. California, 110 U.S. 516, 538 (1884). Although he claims that the fact that there is no transcript violates his constitutional rights, he offers no evidence that either he or the State ordered a transcript of the proceedings from the court reporter. No appeal was taken and neither party ordered a transcript, so no transcript of the proceeding was prepared. This claim is presented for the first time in Wheeler's objections and is not properly before the Court; even if it were, however, it is plainly without merit.

Wheeler places great emphasis on his contention, also not presented to the district court prior to his objections, that the State was not able to prove his prior felony conviction on the day that he pleaded guilty. As stated by the Magistrate Judge, however, Kennedy's affidavit shows that the decision to plead guilty at that time to this charge was a strategic decision, done for the purpose of ensuring that the sentences would run concurrently under Tex. Penal Code art. 3.03. Wheeler does not dispute that he had a prior felony conviction or that he was in possession of a firearm, and had

he elected not to plead to this charge when he did, the State could simply have brought an indictment later, and prosecuted him in a separate proceeding where he had no guarantee of a concurrent sentence. Because Wheeler pleaded guilty to evading arrest and carrying a firearm in the same criminal transaction, Article 3.03 mandated that the sentences run concurrently. Had he been found guilty of the firearms charge in a later proceeding, he could have received a consecutive sentence. He has failed to show any error on the part of his attorney in this regard.

Finally, Wheeler says again that the State could not prove that he had a prior felony conviction at the time that he pleaded guilty, so the charge should have been reduced to a misdemeanor. As noted above, this claim is presented for the first time in his objections and is not properly before the Court. Furthermore, Wheeler stipulated to his prior felony conviction in the course of his guilty plea, which is sufficient proof to support the plea and conviction. Wheeler's objections are without merit.

The Court has conducted a careful *de novo* review of the proceedings in this cause, including the Petitioner's application for habeas corpus relief, the answer of the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in this case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of June, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**